**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **GEORGE F. ENGLEBY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Civil Case No.   05-626-PMF** |
| **JO ANNE BARNHART,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

**FRAZIER, Magistrate Judge:**

Plaintiff, George R. Engleby, seeks judicial review of a final decision of the Commissioner of Social Security denying his December, 2002, applications for disability benefits and supplemental security income. Plaintiff's applications were denied following an administrative determination that he was not disabled.  That decision became final when the Appeals Council declined to review a decision reached by an Administrative Law Judge (ALJ).  Judicial review of the Commissioner's final decision is authorized by 42 U.S.C. § 405(g) and 42 U.S.C. §1383(c)(3).

To receive disability benefits or supplemental security income, a claimant must be "disabled."  A disabled person is one whose physical or mental impairments result from anatomical, physiological, or psychological abnormalities which can be demonstrated by medically acceptable clinical and laboratory diagnostic techniques and which prevent the person from performing previous work and any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(1)(A), 423(d)(2)(A), 1382c(a)(3)(B), 1382c(a)(3)(D).

The Social Security regulations provide for a five-step sequential inquiry that must be followed in determining whether a claimant is disabled. 20 C.F.R. § 404.1520, 416.920. The Commissioner must determine in sequence: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the impairment meets or equals one listed by the Commissioner, (4) whether the claimant can perform his or her past work, and (5) whether the claimant is capable of performing any work in the national economy. *Clifford v. Apfel,* 227 F.3d 863, 868 (7th Cir. 2000). If the claimant does not have a listed impairment but cannot perform his or her past work, the burden shifts to the Commissioner at Step 5 to show that the claimant can perform some other job. *Id*.

The ALJ evaluated plaintiffs applications through Step 5 of the sequential analysis. The ALJ concluded that plaintiff's serious medical conditions significantly interfered with his ability to perform basic work activities but did not meet or equal one of the impairments listed in the Social Security regulations. The ALJ also determined that, despite physical and mental impairments, plaintiff retained the ability to perform a range of light work. While plaintiff was not capable of performing his prior work, he was not disabled because he could perform a significant number of jobs in the regional and national economy (R. 17-26).

Under the Social Security Act, a court must sustain the Commissioner's findings if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla" of proof. The standard is satisfied by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Because the Commissioner of Social Security is responsible for weighing the evidence, resolving conflicts in the evidence, and making independent findings of fact, this Court may not decide the facts anew, re-weigh the evidence, or

substitute its own judgment for that of the Commissioner. *Id*. However, the Court does not defer to conclusions of law, and if the Commissioner makes an error of law or serious mistakes, reversal is required unless the Court is satisfied that no reasonable trier of fact could have come to a different conclusion. *Sachet v. Cater*, 78 F.3d 305, 309 (7th Cir. 1996).

Plaintiff seeks reversal and remand for a new hearing, arguing that the ALJ failed to properly evaluate his symptoms of pain and overemphasized portions of the record.

Following an injury in January, 2000, plaintiff's physical condition was evaluated by a number of medical doctors and specialists.[1] Diagnostic tests (MRI, E.G., and nerve conduction studies) were performed, and plaintiff was diagnosed with and treated for several ailments, including carpal tunnel and a herniated disc in the cervical portion of his spine. Treatment included medication, steroid injections, Botox injections, carpal tunnel release surgery, spinal surgery,[2] transcutaneous electro-nerve stimulation (TENS), physical therapy, and occupational therapy.

At the administrative hearing, plaintiff described constant neck and shoulder pain and explained that he had good days and bad days. Using a scale from 0 to 10, he rated the severity of his pain on a good day as a "3" and his pain level on a bad day as a "7." He further estimated that he had four or five bad days each month. On bad days, he was "pretty much down the whole day." Plaintiff also testified that he took medications for pain relief and to induce sleep, including Avinza, a modified release form of morphine sulphate, and morphine sulfate for breakthrough pain. His medications knocked the edge off his pain and made him feel tired but did not put him to sleep or

---

[1] Because plaintiff does not challenge the ALJ's assessment of his mental health, the discussion focuses on evidence regarding plaintiff's physical ailments.

[2] Plaintiff underwent partial vertebrectomy, microdiskectomy, allograft fusion, and synthes plating (R. 273-274, 403).

interfere with his ability to understand the proceedings.  Plaintiff also used heat, a TENS unit, and daily walks to combat pain.  His daily activities were restricted to simple meal preparation, watching television, doing his laundry, washing dishes, making his bed, changing linens, and walking his dog. He went shopping two or three times each month and took care of his personal hygiene (R. 525-543).

ALJs evaluate symptoms by considering the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.  20 C.F.R. §§ 404.1529; 416.929.  Statements about symptoms that could reasonably be caused by a determined impairment may not be disregarded solely because they are not substantiated by objective medical evidence.  *Id*.  When determining credibility, the ALJ must consider the entire case record.  The credibility determination "must contain specific reasons for the finding on credibility, supported by the evidence in the case record."  Social Security Ruling 96-7p.  In evaluating credibility, ALJs should consider objective medical evidence of the claimant's impairments, daily activities, allegations of pain and other aggravating factors, functional limitations, and treatment – including medication.  *See Scheck v. Barnhart*, 357 F.3d 697, 703 (7th Cir. 2004).  Credibility findings are entitled to considerable deference and will be overturned only if "patently wrong." *Carradine v. Barnhart*, 360 F.3d 751, 758 (7th Cir. 2004).

The ALJ considered the evidence and evaluated plaintiff's subjective complaints of pain, finding that plaintiff had consistently alleged a debilitating degree of pain.  However, the ALJ found that plaintiff's description of his limitations and the impact of those limitations on his ability to work were not fully credible.  To support the credibility assessment, the ALJ relied on objective findings following surgical treatment, discrepancies in plaintiff's statements regarding his injury, and inconsistent statements made to Dr. Kennedy (R. 23).

Plaintiff argues that the ALJ's credibility assessment does not provide a bridge of logic leading from the evidence to the conclusion that plaintiff's testimony was not fully credible. ALJs must build a bridge of logic connecting the evidence to the conclusions that support that decision. *Groves v. Apfel*, 148 F.3d 809, 811 (7th Cir. 1998).

The ALJ summarized the factors supporting his credibility determination. He explained that plaintiff's testimony was not supported by nerve conduction and E.G. studies, which showed relatively mild changes across the carpal tunnels and did not show active cervical radiculopathy (R. 23). This rationale is supported by evidence in the case record (R. 441).

The ALJ also noted that the objective evidence did not clearly support the degree of pain and numbness alleged. This rationale is supported by evidence in the case record, including MRI results and treatment records describing slight or insignificant reduction in range of motion and normal or near-normal clinical findings on examination of sensation, strength, and motor functions (R. 361, 358, 366, 370, 373, 388, 407, 425).

The ALJ also relied on discrepancies in plaintiff's account of his injury. This rationale is supported by evidence in the case record (R. 355, 407, 437, 446, 515). With one exception, the discrepancies are not glaring. However, because consistency of an individual's statements is one strong indication of credibility, these portions of the record lend some support to the ALJ's assessment. SSR 96-7p.

The ALJ also relied on Dr. Kennedy's report that plaintiff exhibited dirt and grease under his nails and admitted that he cleaned his car the day before he reported that he was unable to engage in any activity at all. This rationale is supported by evidence in the case record (R. 283-284).

In sum, by offering valid reasons for discounting plaintiff's testimony, the ALJ provided the logic needed to link evidence to the credibility assessment.

Plaintiff also argues that the ALJ did not adequately discuss his medication or the side-effects of his medication and cited insufficient reasons for disregarding evidence that he used strong pain medicine and made significant efforts to obtain treatment for pain relief. Treatment for relief of pain and the dosage and effectiveness of medications are factors considered when ALJs evaluate the severity of subjective symptoms. However, the authority cited by plaintiff and discussed above does not require ALJs to explain how each piece of evidence was weighed. The ALJ's discussion shows the evidence regarding plaintiff's treatment efforts – including those portions of the record describing medication and medication side effects – was considered (R. 18-24, 410, 414, 416, 428, 483, 510-543).

Plaintiff also argues that the ALJ placed too much emphasis on his ability to engage in activities of daily living. He points out that he did not engage in substantial work activity by performing limited household chores and making one fishing trip. The ALJ summarized evidence describing plaintiff's ability to perform activities of daily living (R. 18-26). The Court finds no reason to decide that the ALJ's consideration of that evidence was improper.

IT IS ORDERED that the Commissioner's final decision denying George F. Engleby's applications for disability benefits and supplemental security income is AFFIRMED.

SO ORDERED:    August 18, 2006    .

                                                  *s/Philip M. Frazier*  
                                                  **PHILIP M. FRAZIER**  
                                                  **UNITED STATES MAGISTRATE JUDGE**